UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KEITH GARDINER**,<br><br>   Petitioner,<br><br>vs.<br><br>**WARDEN BAUMAN**,<br><br>   Respondent. | 2:22-CV-12304-TGB-EAS<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL (ECF NO. 9);**<br><br>**AND MOTION FOR ORAL ARGUMENT (ECF NO. 14)** |

    This is a pro se habeas action brought by Petitioner Keith Gardiner, a Michigan prisoner, seeking relief under 28 U.S.C. § 2254. Petitioner challenges his Macomb County jury trial convictions of three counts of first-degree criminal sexual conduct (victim 13 to 15 and member of the same household), and one count of first-degree criminal sexual conduct (victim under 13). He asserts seven claims on habeas review involving: (1) the Double Jeopardy Clause; (2) ineffective assistance of trial counsel; (3) judicial misconduct; (4) lack of jurisdiction; (5) Fourth Amendment violations; (6) prosecutorial misconduct; and (7) ineffective assistance of appellate counsel. ECF No. 1. Respondent has filed the relevant state-court record and a response contending that the petition should be dismissed. ECF Nos. 11, 12.

    Presently before the Court are Petitioner's motions to appoint

counsel (ECF No. 9), and for oral argument (ECF No. 14). For the reasons stated below, the Court **DENIES** the motions without prejudice.

First, Petitioner seeks appointment of counsel on the basis that he lacks access to legal resources. ECF No. 9, PageID.388. He contends that he has limited access to the law library and a computer to print legal documents. *Id.* Petitioner also asserts that he lacks basic legal knowledge to pursue his habeas claims. *Id.*

A habeas petitioner has no constitutional right to counsel in a habeas proceeding. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). But a habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Therefore, "[t]he decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Furthermore, "[a]ppointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). The appointment of counsel in a habeas case remains discretionary if no evidentiary hearing is necessary. *Id.*

"Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action." *Id.* at 788. "The exceptional

circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Id*.

Here, Petitioner filed a lengthy petition for a writ of habeas corpus and a memorandum of law in support of the petition, along with various attachments. Petitioner, therefore, has the means and ability to present his claims to the Court. Furthermore, until this Court reviews the pleadings filed by the parties and Respondent's Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice do not require appointment of counsel at this time. The Court will bear in mind Petitioner's request if, upon further review of the case, the Court determines that appointment of counsel is necessary. No further motions are required.

Second, Petitioner also seeks oral argument on his petition for writ of habeas corpus. This Court's general practice is to decide a petition for writ of habeas corpus on the briefs. *See* E.D. Mich. LR 7.1 (f)(1). If, after review of the pleadings and state court record, the Court finds that the decisional process will be aided by oral argument, the Court will schedule a hearing on its own initiative. Petitioner's motion for oral argument (ECF No. 14) is **DENIED** without prejudice. No further motions are required.

3

For the foregoing reasons, Petitioner's motions to appoint counsel (ECF No. 9) and for oral argument (ECF No. 14) are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: June 6, 2023        s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE