UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KEITH EDWARD GARDINER**, <br><br> Petitioner, <br><br> vs. <br><br> **WARDEN BAUMAN**, <br><br> Respondent. | 2:22-CV-12304-TGB-EAS <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER DENYING MOTION TO SET ASIDE OPINION DENYING PETITION FOR A WRIT OF HABEAS CORPUS** <br> **(ECF NO. 26)** |

This is a habeas case filed under 28 U.S.C. § 2254. On October 8, 2025, the Court entered an Opinion and Order denying Gardiner's claims on the merits, dismissing the Petition, and closing the case. ECF No. 23.

Now before the Court is Petitioner Keith Edward Gardiner's October 28, 2025 Motion to Set Aside the Opinion and Order Denying the Petition for a Writ of Habeas Corpus. ECF No. 26. Gardiner argues that the Court should have ruled on his motion for evidentiary hearing to develop his Fourth Amendment claim prior to considering the merits of the habeas petition.[1] For the reasons discussed, the motion is **DENIED**.

---

[1] The Court notes that Gardiner's motion for an evidentiary hearing was docketed on October 8, 2025, the same day the Court entered the judgment denying the Petition. *See* ECF No. 25. Although Gardiner contends that he filed his motion six days earlier, the Court could not

On November 4, 2025, Gardiner filed a notice of appeal of the Court's October 8, 2025 Opinion and Order. ECF No. 28. Accordingly, the Court lacks jurisdiction to consider Gardiner's motion for reconsideration. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Because Gardiner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of his case. *Workman*, 958 F.2d at 167–68; *see also Raum v. Norwood*, 93 F. App'x 693, 695 (6th Cir. 2004) (plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

Even assuming *arguendo* that the Court could reach the merits of the motion, Gardiner would not have been entitled to an evidentiary hearing on his Fourth Amendment claim. It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). When deciding whether to grant an evidentiary hearing, a federal

---

have considered the motion because it was not pending before the Court prior to entering the judgment.

court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id*. If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id*.

In this case, an evidentiary hearing was not required. The Court ruled in its Opinion and Order that Gardiner's Fourth Amendment claim was barred from federal habeas review. *See* ECF No. 23, PageID.2772–73. Because habeas relief was clearly precluded, an evidentiary hearing would have been unwarranted.

For these reasons, the Court **DENIES** the Motion to Set Aside the Opinion and Order Denying the Petition., ECF No. 26. This case remains closed.

**IT IS SO ORDERED**.

Dated: November 24, 2025

/s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

3